# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the Untied States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

DENNIS and MARIE O-DONNELL, h/w

## DEFENDANTS

HONEYWELL INTERNATIONAL, F/K/A ALLIED SIGNAL, INC.,

Successor in interest to Bendix Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  NJ CHESTER COUNTY

**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MORRIS COUNTY,

**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Peter G. Angelos, Esaquire
Law Offices of Peter G. Angelos, P.C.
Wanamaker Building
100 Penn Square East
Suite 1000, Tenth Floor
Philadelphia, PA 19107
215-963-9333

ATTORNEYS (IF KNOWN)
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

(215) 575-4200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

9 1 U.S. Government Plaintiff

X 3 Federal Question (U.S. Government Not a Party)

9 2 U.S. Government Defendant

9 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" ... (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDA...

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 9 1 | 9 1 | Incorporated or Principal Place of Business in this State | 9 4 | 9 4 |
| Citizen of Another State | 9 2 | 9 2 | Incorporated and Principal Place of Business in Another State | 9 5 | 9 5 |
| Citizen or Subject of a Foreign Country | 9 3 | 9 3 | Foreign Nation | 9 6 | 9 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

9 1 Original Proceeding

X 2 Removed from State Court

9 3 Remanded from Appellate Court

9 4 Reinstated or Reopened

9 5 Transferred from another district (specify)

9 6 Multidistrict Litigation

9 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 9 110 Insurance | 9 310 Airplane | 9 362 Personal Injury-- | 9 610 Agriculture | 9 422 Appeal 28 USC 158 | 9 400 State Reapportionment |
| 9 120 Marine | | | 9 620 Other Food&Drug | | |
| 9 130 Miller Act | 9 315 Airplane Product Liability | Med Malpractice | 9 625 Drug Related Seizure of Prop- | 9 423 Withdrawal 28 USC 157 | 9 410 Antitrust |
| 9 140 Negotiable Instrument | | 9 365 Personal Injury-- | | | 9 430 Banks and Banking |
| 9 150 Recovery of Overpayment | 9 320 Assault, Libel & | Product Liability | erty 21, USC 881 | PROPERTY RIGHTS | 9 450 Commerce/IC C Rates/etc. |
| & Enforcement of Judgment | Slander | 9 368 Asbestos Personal Injury Product | 9 630 Liquor Laws | 9 820 Copyrights | 9 460 Deportation |
| | 9 330 Federal Employers= | | 9 640 R.R. & Truck | 9 830 Patent | 9 470 Racketeer Influenced and Corrupt Organizations |
| 9 151 Medicare Act | Liability | Liability | 9 650 Airline Regs | | |
| 9 152 Recovery of Defaulted | 9 340 Marine | | 9 660 Occupational | 9 840 Trademark | 9 810 Selective Service |
| Student Loans | 9 345 Marine Product | PERSONAL PROPERTY | Safety/Health | | |
| (Excl. Veterans) | Liability | 9 370 Other Fraud | 9 690 Other | SOCIAL SECURITY | 9 875 Securities/Co mmodities/ Exchange |
| 9 153 Recovery of Overpayment | 9 350 Motor Vehicle | 9 371 Truth in Lending | LABOR | 9 861 HIA (1395ff) | 9 891 Customer Challenge 12 USC 3410 |
| of Veterans Benefits | 9 355 Motor Vehicle | 9 380 Other Personal | 9 710 Fair Labor | 9 862 Black Lung (923) | |
| 9 160 Stockholders= Suits | Product Liability | Property Damage | Standards Act | 9 863 DIWC/DIWW (405(g)) | 9 892 Agricultural Acts |
| 9 190 Other Contract | 9 360 Other Personal | 9 385 Property Damage | 9 720 Labor/Mgmt. | 9 864 SSID Title XVI | 9 893 Economic Stabilization Act |
| 9 195 Contract Product Liability | Injury | Product Liability | Relations | 9 865 RIS (405(g)) | 9 894 Environmental Matters |
| | | | 9 730 Labor/Mgmt. Reporting & | FEDERAL TAX SUITS | 9 895 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | Disclosure Act | 9 870 Taxes (U.S. Plaintiff or Defendant) | 9 900 Freedom of Information Act |
| 9 210 Land Condemnation | 9 441 Voting | 9 510 Motions to Vacate | 9 740 Railway Labor | | Appeal of Fee Determi-nation |
| 9 220 Foreclosure | 9 442 Employment | Sentence | Act | 9 871 IRS - Third Party 26 USC 7609 | Under Equal Access to Justice |
| 9 230 Rent Lease & Ejectment | 9 443 Housing/ Accommodations | 9 530 Habeas Corpus | 9 790 Other Labor | | 9 950 Constitutionality of State Statutes |
| 9 240 Torts to Land | | 9 540 Mandamus & Other | Litigation | | |
| 9 245 Tort Product Liability | 9 444 Welfare | 9 550 Civil Rights | 9 791 Empl. Ret. Inc. | | X 890 Other Statutory Actions |
| 9 290 All Other Real Property | 9 440 Other Civil Rights | | Security Act | | |

0667831.01

**VI.    CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY.)

28 USC ' 1452(A) ' 1334(B) and Federal Bankruptcy Rule 9027

**VII.    REQUESTED IN**        CHECK IF THIS IS A **CLASS ACTION**                **DEMAND $**    Check YES only if demanded in complaint:
**COMPLAINT:**            9   UNDER F.R.C.P. 23                                    **JURY DEMAND:**   9 YES   9 NO

**VIII.    RELATED CASE(S) IF ANY**        (See Instructions):        JUDGE   N/A                DOCKET NUMBER        N/A

DATE                                SIGNATURE OF ATTORNEY OF RECORD

_FOR OFFICE USE ONLY_
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE _____ MAG. JUDGE

0667831.01

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA Ⓒ DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    Dennis and Marie O–Donnell, 1409 Gallagherville Rd., Downingtown, PA 19335

Address of Defendant:   Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962

Place of Accident, Incident or Transaction:    Asbestos Exposure in Pennsylvania and elsewhere

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                Yes **X**              No **Ⓖ**

*RELATED CASE IF ANY*

Case Number:    N/A              Judge    N/A              Date Terminated:    N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within          Yes **Ⓖ** No **Ⓖ**
    one year previously terminated action in this court?

2.  Does this case involve the same issues of fact or grow out of the same transaction as a          Yes **Ⓖ** No **Ⓖ**
    prior suit pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any          Yes **Ⓖ** No **Ⓖ**
    earlier numbered case pending or within one year previously terminated action in this
    Court?

CIVIL: (Place : in *ONE CATEGORY ONLY*)

| | |
|---|---|
| A.    *Federal Question Cases:* | B.    *Diversity Jurisdiction Cases:* |
| 1.    **Ⓖ**  Indemnity Contract, Marine Contract, and All Other Contracts | 1.    **Ⓖ**  Insurance Contract and Other Contracts |
| 2.    **Ⓖ**  FELA | 2.    **Ⓖ**  Airplane Personal Injury |
| 3.    **Ⓖ**  Jones ActⒸPersonal Injury | 3.    **Ⓖ**  Assault, Defamation |
| 4.    **Ⓖ**  Antitrust | 4.    **Ⓖ**  Marine Personal Injury |
| 5.    **Ⓖ**  Patent | 5.    **Ⓖ**  Motor Vehicle Personal Injury |
| 6.    **Ⓖ**  Labor-Management Relations | 6.    **Ⓖ**  Other Personal Injury (Please specify) |
| 7.    **Ⓖ**  Civil Rights | 7.    **Ⓖ**  Products Liability |
| 8.    **Ⓖ**  Habeas Corpus | 8.    **Ⓖ**  Products LiabilityⒸAsbestos |
| 9.    **Ⓖ**  Securities Act(s) Cases | 9.    **Ⓖ**  All Other Diversity Cases  (Please specify) |
| 10.   **Ⓖ**  Social Security Review Cases | |
| 11.   **X**  All other Federal Question Cases (please specify) 28 USC ' 1452, 1334(b); Bankruptcy Rule 9027(a)(3) | |

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I,  Peter J. Neeson, Esquire , counsel of record do hereby certify:

**X**    Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages
        recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

**Ⓖ**    Relief other than monetary damages is sought.

DATE: _____    **Peter J. Neeson, Esquire** _____    27601
                            **Attorney-at-Law**                        Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    27601
                            **Attorney-at-Law**                        **Attorney I.D. #**

CIV. 609(9/99)

0667831.01

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA C DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:    Dennis and Marie O=Donnell, 1409 Gallagherville Rd., Downingtown, PA 19335

Address of Defendant:   Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962

Place of Accident, Incident or Transaction:    Asbestos Exposure in Pennsylvania and elsewhere

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                                    Yes X    No G

*RELATED CASE IF ANY*

Case Number:    N/A              Judge    N/A                Date Terminated:    N/A

Civil cases are deemed related when yes is answered to any of the following questions:

4.  Is this case related to property included in an earlier numbered suit pending or within          Yes G  No G
    one year previously terminated action in this court?

5.  Does this case involve the same issues of fact or grow out of the same transaction as a          Yes G  No G
    prior suit pending or within one year previously terminated action in this court?

6.  Does this case involve the validity or infringement of a patent already in suit or any
    earlier numbered case pending or within one year previously terminated action in this          Yes G  No G
    Court?

CIVIL: (Place :  in *ONE CATEGORY ONLY*)

| | | |
|---|---|---|
| A. | *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
| 1. | G  Indemnity Contract, Marine Contract, and All Other Contracts | 1. G  Insurance Contract and Other Contracts |
| 2. | G  FELA | 2. G  Airplane Personal Injury |
| 3. | G  Jones Act C Personal Injury | 3. G  Assault, Defamation |
| 4. | G  Antitrust | 4. G  Marine Personal Injury |
| 5. | G  Patent | 5. G  Motor Vehicle Personal Injury |
| 6. | G  Labor-Management Relations | 6. G  Other Personal Injury (Please specify) |
| 7. | G  Civil Rights | 7. G  Products Liability |
| 8. | G  Habeas Corpus | 8. G  Products Liability C Asbestos |
| 9. | G  Securities Act(s) Cases | 9. G  All Other Diversity Cases  (Please specify) |
| 10. | G  Social Security Review Cases | |
| 11. | X  All other Federal Question Cases (please specify) 28 USC ' 1452, 1334(b); Bankruptcy Rule 9027(a)(3) | |

# ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I,  Peter J. Neeson, Esquire , counsel of record do hereby certify:

X     Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages
      recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

G     Relief other than monetary damages is sought.

DATE: _____        **Peter J. Neeson, Esquire** _____        27601
                              **Attorney-at-Law**                          Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____        _____        27601
                              **Attorney-at-Law**                          **Attorney I.D. #**

CIV. 609(9/99)

0667831.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

DENNIS O=DONNELL and                    :
MARIE O=DONNELL, h/w                     :
                                         :
     v.                                    :
                                         :    Civil Action No. 02-3177
HONEYWELL INTERNATIONAL, INC.            :
f/k/a ALLIED SIGNAL, INC., Successor     :
in interest to BENDIX CORPORATION,       :
et al.                                   :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Manage Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See ' 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

    (a)   Habeas Corpus -- Cases brought under 28 U.S.C. ' 2441 through ' 2255( )

    (b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.( )

    (c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.( )

    (d)   Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.( )

    (e)   Special Management -- Cases that do not fall into tracts (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)( **X** )

    (f)   Standard Management -- Cases that do not fall into any one of the other tracks.( )

_____
   (Date)

Attorney-at-law
Attorneys for Defendant Honeywell International, Inc., f/k/a Allied Signal as successor in interest to Bendix Corporation

0667831.01

**RAWLE & HENDERSON** LLP
**BY:     PETER J. NEESON, ESQUIRE**
**        STEWART R. SINGER, ESQUIRE**
**        JOHN C. McMEEKIN II, ESQUIRE**
**INC.,**
**ATTORNEY I.D. NO.  27601/62006/81250**
**THE WIDENER BUILDING**
**ONE SOUTH PENN SQUARE**
**PHILADELPHIA, PA  19107**
**(215) 575-4200**
**R&H File No.: 516,196 (Angelos)**

**ATTORNEYS FOR DEFENDANT,**
**HONEYWELL INTERNATIONAL,**
**        INC., F/K/A ALLIED SIGNAL,**

**SUCCESSOR-IN-INTEREST TO**
**BENDIX CORPORATION**


UNITED STATES DISTRICT COURT
**[EASTERN DISTRICT]**


| | | |
|---|---|---|
| DENNIS O=DONNELL and | : | |
| MARIE O=DONNELL, h/w | : | |
| | : | |
|         v. | : | |
| | : | |
| HONEYWELL INTERNATIONAL, INC. | : | Civil Action No. 02-3177 |
| f/k/a ALLIED SIGNAL, INC., Successor | : | |
| in interest to BENDIX CORPORATION | : | |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C ' 1452**
**AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

TO:    ALL PARTIES ON ANNEXED SERVICE LIST

Honeywell International, Inc., f/k/a Allied Signal, Inc., (AHoneywell@), as successor in interest to the

Bendix Corporation (ABendix@), by and through its undersigned counsel, Rawle & Henderson LLP, hereby

gives notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the

claims that have been asserted against Honeywell in the action captioned Dennis and Marie O=Donnell, h/w

v. ACandS, Inc., et al, now pending in the Common Pleas Court of the State of Pennsylvania, County of

Philadelphia, with May Court Term 1987 and Number 914. This  Notice of Removal is filed pursuant to 28

U.S.C. ' 1452(a) and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, and as grounds for

such removal Honeywell respectfully states as follows:

1.    On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc. (collectively

"Federal-Mogul") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code,

0667831.01

11 U.S.C. '' 101 et seq. (the ABankruptcy Code@) in the United States Bankruptcy Court for the District of Delaware, commencing bankruptcy case number 01-10578.

2.     The above referenced state action, which is Arelated to@ the removed claims, was reactivated on April 22, 2002, by the filing of a Summons & Complaint in the Court of Common Pleas of Philadelphia County.

3.     The removed claims are for personal injury or wrongful death asserted against Honeywell. Honeywell, formerly known as Allied Signal Inc., is the successor in interest to Allied Corporation which, in turn, was the successor in interest to The Bendix Corporation. The Automotive Sector of Allied Signal Inc. was the business unit within Allied Signal Inc. which continued the ABendix@ line of automotive friction products.

4.     Federal-Mogul, or companies acquired by Federal Mogul Global, Inc., are named as co-defendants of Honeywell in this action.

5.     The plaintiff(s) in the above referenced action have asserted that joint and several liability arises as to each named co-defendant in this action.

6.     As a result, in the above referenced action Honeywell has either affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law.

7.     Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

8.     The above referenced claims for personal injury asserted against Honeywell, as well as the cross-claims asserted by Honeywell and the corresponding cross-claims asserted by Federal-Mogul, may

be removed to this Court pursuant to 28 U.S.C. ' 1452(a). Removal of these claims is proper because the removed claims are: asserted in a civil action; not exempt from removal; and this Court has subject matter jurisdiction over the removed claims pursuant to 28 U.S.C. ' 1334 due to the fact that these cross-claims asserted by and against Honeywell are Arelated to@ Federal-Mogul=s bankruptcy proceeding. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996) (holding that Section 1334(b) Arelated to@ subject matter jurisdiction exists over actions for indemnification and contribution claims asserted by non-debtor co-defendants against the debtor).

9.    Removal to this Court is timely pursuant to Rule 9027 (a)(3) of the Federal Rules of Bankruptcy Procedure in that the claims in the civil action are Arelated to@ the October 1, 2001, Federal-Mogul bankruptcy case, and this Notice has been filed within thirty days after: (1) receipt of the initial pleading setting forth the claim or cause of action sought to be removed, or (2) receipt of the summons, if the initial pleading has been filed with the court but not served with the summons.

10.    Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. ' 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

11.    Upon removal, the proceedings with respect to the removed claims are non-core. Honeywell does not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. ' 157(b)(5).

12.    On December 17, 2001, Honeywell filed a Motion to Transfer, pursuant to 28 U.S.C. ' 157 (b)(5) (the ATransfer Motion@), with the United States District Court for the District of Delaware asking that Court to issue a provisional order to transfer the above referenced removed claims for a consolidated resolution of the threshold scientific question, by means of a Daubert hearing, whether the plaintiffs in the

underlying actions can establish that automotive friction products containing encapsulated asbestos fibers can be the proximate cause of certain asbestos-related medical disorders. See 28 U.S.C. ' 157(b)(5) (1994); Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); In re Dow Corning Corp., 86 F.3d at 496-97 (holding that 28 U.S.C. ' 157(b)(5) vests the power to fix venue over personal injury or wrongful death actions pending against non-debtor co-defendants which are Arelated to@ a debtor=s bankruptcy proceeding, pursuant to 28 U.S.C. ' 1334(b), with the district court where the bankruptcy case resides). See Exhibit AA.@

13.     On December 19, 2001 the Honorable Alfred M. Wolin of the United States District Court for the District of Delaware issued an Order in favor of Honeywell that: (1) partially withdrew the reference; and (2) provisionally transferred the Friction Product claims to the United States District Court for the District of Delaware, (the AProvisional Order@), subject to further Orders of that Court. See Exhibit AB.@

14.     On January 4, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the AClarification Order@), that clarified the Provisional Order by extending the provisional transfer of Friction Product claims to include claims that would have been subject to the Provisional Order, but had not yet been removed on the date of the Provisional Order. See Exhibit AC.@

15.      On February 8, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the ARemand Order@), granting plaintiffs= Motion for Remand. See Exhibit AD.@

16.     On February 11, 2002 the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit  issued an Order temporarily granting an Emergency Motion for Stay (the AStay Order@), pending appeal of the Remand Order by appellants. See Exhibit AE.@

17.    On March 19, 2002, the Honorable Anthony J. Scirica of the United States District Court of Appeals for the Third Circuit issued an Order  (the AStay Clarification Order@), that clarified that the Stay Order issued on February 11, 2002 applies to all appellants and to all removed claims before the Delaware District Court.  See Exhibit AF.@

18.    On March 25, 2002, Chief Judge Becker of the Third Circuit Court of Appeals issued an order establishing a briefing schedule and set June 17, 2002, as the date to hear oral argument on the appeal (the AScheduling Order@).  See Exhibit AG.@

19.    A copy of the Scheduling Order also provides that A[t]he temporary stay entered by this Court on February 11, 2002, as clarified by the Order of March 19, 2002, will remain in effect until further order of the merits panel.@  See Exhibit AG.@

20.    Honeywell respectfully submits that the effect of the stay pending appeal is to leave in place the previous transfer orders issued by the Delaware District Court.  Because the Remand Order has been stayed, the Delaware District Court=s provisional transfer order is still the operative order, and all claims removed by Honeywell continue to be provisionally transferred automatically to Delaware.

21.    Accordingly, pursuant to Judge Weiner=s Order dated April 12, 2002 (the AAbstention/Remand Order@) Aall pending motions for abstention and remand are denied without prejudice . . . [t]he cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issyes by Judge Wolin and any subsequent appeals thereto.@ See Exhibit AH.@

22.     A copy of this Notice of Removal and related documents have been served by regular mail on counsel of record for all represented parties and upon all unrepresented parties to the action pending in state court.

Respectfully submitted,

**RAWLE & HENDERSON** LLP

By:

Peter J. Neeson, Esquire
Stewart R. Singer, Esquire
John C. McMeekin II, Esquire
Attorneys for Defendant
Honeywell International, Inc., f/k/a Allied Signal
as successor in interest to Bendix Corporation

Dated:

## CERTIFICATION OF STATE COURT
## <u>RECORDS, PLEADINGS AND PROCEEDINGS</u>

      I, Peter J. Neeson, Esquire; Stewart R. Singer, Esquire; John C. McMeekin, Esquire; of full age, certify that on this day, we attached to the Notice of Removal as Exhibit A@, a copy of all of the appropriate records, pleadings and proceedings in the State Court as requested by this Court.

                     Respectfully submitted,

                 **RAWLE & HENDERSON** LLP


              By:

                  Peter J. Neeson, Esquire
                  Stewart R. Singer, Esquire
                  John C. McMeekin II, Esquire
          Attorneys for Defendant
                  Honeywell International, Inc., f/k/a Allied Signal
                  as successor in interest to Bendix Corporation

Dated:

0667831.01

## CERTIFICATION OF SERVICE

I, Peter J.  Neeson, Esquire/Stewart R. Singer, Esquire/John C. McMeekin II, Esquire, of full age,

hereby certify that on  this day, I caused a true and correct copy of Defendant≥s Notice to Remove Pursuant

to 28 U.S.C. 1452 of the United States Code and Rule 9027(a)(3) of the Federal Rules of Bankruptcy

Procedure to be served on all counsel listed below as follows.

### VIA HAND DELIVERY

Gregory N. Bunitsky, Esquire
Law Offices of Peter G. Angelos, P.c.
The Wanamaker Building
100 Penn Square East
Suite 1050 - 10th Floor
Philadelphia, PA 19107
**Attorney for Plaintiffs**

Robert W. Rowan, Esquire
Gollatz, Griffin & Ewing, P.C.
Two Penn Center, 16th Floor
15th and JFK Boulevard
Philadelphia, PA 19102
**Attorney for ACandS, Inc.**

Edward J. Wilbraham, Esquire
Wilbraham, Lawler & Buba
Suite 3100, 1818 Market Street
Philadelphia, PA 19103
**Attorney for Abex Corporation and Amchem Products, Inc.**

Daniel J. Ryan, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA  19103
**Attorney for American Standard, Inc.**

Timothy B. Barnard, Esquire
Barnard, Mezzanotte & Pinnie
Williamson House
218 W. Front Street
P.O. Box 289

0667831.01

Media, PA  19063-0289
**Attorney for Borg Warner Corporation**
Norman L. Haase, Esquire
Swartz, Campbell & Detweiler
115 North Jackson Street
Media, PA  19063
**Attorney for Brand Insulations, Inc., Cleaver-Brooks, Inc. and H.B. Smith Company, Inc.**

Joel D. Gusky, Esquire
Harvey, Pennington, Herting & Renneisen, Ltd.
1835 Market Street, 29th Floor
11 Penn Center Plaza
Philadelphia, PA 19103
**Attorney for B.F. Goodrich Company**

Alan Klein, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for Clayton, Dubilier & Rice**

Christine O. Boyd, Esquire
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street, 12th Floor
Philadelphia, PA 19106
**Attorney for Daimler Chrysler Corporation and General Motors Corporation**

Mark Lipowicz, Esquire
Duane Morris LLP
4200 One Liberty Place
Philadelphia, PA  19103
**Attorney for Ford Motor Company**

Tracey M. McDevitt, Esquire
Reilly, Janiczek & McDevitt, P.C.
The Widener Building, Suite 520
One South Penn Square
Philadelphia, PA 19107
**Attorney for Foster-Wheeler Corporation**

E. Michael Keating, III, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein

0667831.01

Suite 1602
1608 Walnut Street
Philadelphia, PA 19103
**Attorney for General Electric**


Eric J. Kadish, Esquire
McCarter & English
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
**Attorney for Owens Illinois, Inc.**


Richard C. Polley, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
**Attorney for Rapid American**


Bruce S. Haines, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for Uniroyal, Inc.**


John McShea, Esquire
McShea Tecce
1735 Market Street
26th Floor
Philadelphia, PA 19103
**Attorney for Viacom, Inc.**


Joseph Cagnoli, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797
**Attorney for Weil-McLain**


By:
                    Peter J. Neeson, Esquire


Dated:


0667831.01